JENNIFER MARIE CABRERA (NY 4534939)
*Pro Hac Vice*
E-mail: jennifer@dantanlaw.com
DAN TAN LAW
1133 Broadway Suite 708
New York NY 10010
Tel: 646.580.0080    Fax: 212.330.7642

Douglas W. Dal Cielo (SBN 157109)
E-mail: ddalcielo@bwslaw.com
Brian M. Affrunti (SBN 227072)
E-mail: baffrunti@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
2440 West El Camino Real, Suite 620
Mountain View, CA 94040-1499
Tel: 650.327.2672    Fax: 650.688.8333

Attorneys for Defendant
DR. HAMID NAJAFI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INJAZAT TECHNOLOGY FUND B.S.C.,<br><br>Plaintiff,<br><br>v.<br><br>DR. HAMID NAJAFI AND MICHAEL CUMMISKEY,<br><br>Defendants. | Case No. CV11-04133 HRL<br><br>***EX PARTE* MOTION FOR PROTECTIVE ORDER AGAINST UNREASONABLE DISCOVERY AND SANCTIONS [FRCP RULES 26(c) & 37(a)(5)(B)];**<br><br>**ALTERNATIVELY, *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR MOTION FOR PROTECTIVE ORDER AGAINST UNREASONABLE DISCOVERY AND SANCTIONS**<br><br>Date:     TBD<br>Time:    Ex Parte<br>Judge:   Hon. Phyllis J. Hamilton |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as this matter may be heard in the United States District Court, Northern District of California – San Jose Division, located at 280 South First Street, San Jose, California 95113, Defendant Dr. Hamid Najafi will and hereby does move this

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1            - 1 -            *Ex Parte* Mtn For Protective Order And Sanctions And App For Order Shortening Time, CV11-04133 HRL

court *ex parte* under Federal Rules of Civil Procedure, 26(c) ("F.R.C.P.") for a protective order forbidding discovery sought by Injazat Technology Funds B.S.C. ("Injazat") in its March 14, 2012, Request for Production of Documents and March 20, 2012, Notice of Deposition of Dr. Hamid Najafi. Dr. Najafi also moves for the imposition of sanctions on Plaintiff Injazat under F.R.C.P. 37(a)(5)(B).

As will be set forth in further detail in the accompanying memorandum of points and authorities, exigency exists for consideration of this motion on an *ex parte* basis as Injazat has scheduled a deposition of Dr. Najafi for Monday, April 2, 2012, in spite of repeated notice that Injazat does not have a right to discovery and that Dr. Najafi does not consent to appear for a deposition at this time. Furthermore, Injazat should be sanctioned for their unjustified insistence on holding this deposition and be required to pay Dr. Najafi's reasonable legal expenses incurred in making this motion.

This *ex parte* motion is based on this Notice of Motion, the accompanying memorandum of points and authorities, the accompanying declaration of Jennifer Cabrera and the attached Proposed Order.

In the alternative, Dr. Najafi applies to this Court for an Order Shortening Time so that the Motion for a Protective Order Against Unreasonable Discovery and Sanctions can be heard on an expedited basis. As will be set forth in detail, good cause exists for this Court to issue such order and the interests of justice warrant the issuance of the order if the Motion for a Protective Order is not heard on an *ex parte* basis. The Application for an Order Shortening Time is based on this Notice of Motion, accompanying memorandum of points and authorities, the declaration of Jennifer Cabrera and the corresponding Proposed Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. INTRODUCTION**

INJAZAT TECHNOLOGY FUND B.S.C. ("Injazat") initiated this action on August 23, 2011, by filing its Notice of Petition to Confirm Arbitration Award ("Petition") obtained against Defendants. An Order was issued by Magistrate Judge Lloyd on January 20, 2012 granting Injazat's Petition and confirming the Arbitration Award. On March 9, 2012, Magistrate Judge

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1 - 2 - *Ex Parte* Mtn For Protective Order And Sanctions And App For Order Shortening Time, CV11-04133 HRL

1    Lloyd vacated his Order of January 20, 2012, and reassigned the case to a district judge. Before
2    the case had been reassigned to Judge Hamilton, Mr. Daniel Ballon of Dewey & LeBoeuf LLP,
3    counsel for Injazat, sent a letter on March 13, 2012, to Dr. Najafi requesting a deposition without
4    any reference to the subject matter of the intended deposition. On March 14, 2012, Mr. Ballon
5    sent a letter requesting production of documents relating to real and personal property owned by
6    Dr. Najafi.

7    On March 15, 2012, this case was assigned to Judge Hamilton and on March 16, 2012,
8    Judge Hamilton issued a Scheduling Order allowing Dr. Najafi to file an opposition to the
9    Petition by March 30, 2012.

10   On March 19, 2012, Ms. Jennifer Cabrera, counsel for Dr. Najafi, called Mr. Ballon to ask
11   for the basis for the intended deposition, and informed him by telephone and in a separate email
12   that discovery was premature and that Dr. Najafi would not consent to a deposition or to produce
13   documents unless a discovery order was entered. Mr. Ballon and Ms. Cabrera corresponded by
14   email several times over the next day, see Decl. of J. Cabrera; Ex. B, D, E, and F, culminating in
15   Mr. Ballon sending in the evening of March 20, 2012, a Notice of Deposition of Dr. Najafi,
16   scheduled for April 2, 2012. See Ex. G.

17   As a last effort at avoiding court involvement, Ms. Cabrera sent a letter to Mr. Ballon on
18   March 22, 2012, requesting that his law firm reconsider their decision to seek discovery at this
19   early stage in this proceeding. See Ex. H. No response has been received from Mr. Ballon or
20   Injazat. It is only in these circumstances that we are forced to ask the court to stop Injazat from
21   going forward with a deposition and document requests that are burdensome and not calculated to
22   discover any information that could be relevant to Injazat's Petition to Confirm Arbitration
23   Award. Instead, it seems more likely that Injazat's primary purpose has been to create work for
24   Dr. Najafi's counsel.

25   **B.   LEGAL ARGUMENT**

26   F.R.C.P. 26(c) grants this Court discretion to protect "a party or person from annoyance,
27   embarrassment, oppression, or undue burden or expense, including one or more of the following:
28   (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1               - 3 -          *Ex Parte* Mtn For Protective Order And
                                                   Sanctions And App For Order Shortening Time,
                                                   CV11-04133 HRL

disclosure or discovery; . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ."

As an initial matter, the Request for Documents sent on March 14, 2012, and the Notice of Deposition issued on March 20, 2012 (collectively referred to as, "discovery requests") are premature, having been filed before Dr. Najafi has even had an opportunity to file a motion to oppose confirmation of this award. The untimeliness of Injazat's discovery requests makes sense given that they were first issued on March 13, 2012, before the case was re-assigned to Judge Hamilton. The reference to F.R.C.P. 69 in the Request for Documents makes clear that Injazat intended to seek discovery "[i]n aid of the judgment or execution." F.R.C.P. 69(a)(2). To persist in pursuing these discovery requests is to ignore the reassignment of this case to Judge Hamilton and to ignore the Scheduling Order that she issued on March 18, 2012, allowing Dr. Najafi a chance to oppose enforcement.

But Injazat faces a bigger problem, which is that this is a summary proceeding governed by the Federal Arbitration Act ("FAA"). Under the Federal Arbitration Act ("FAA"), Injazat's application must be treated as a motion and handled on an expedited basis. F.R.C.P. 81 makes clear that the Federal Rules do not govern proceedings brought under "9 U.S.C., relating to arbitration" (i.e., the FAA) when that law "provide[s] other procedures." F.R.C.P. 81(a)(6)(B). Section 6 of the FAA – which governs an action to confirm a foreign arbitration award by application of 9 U.S.C. §208 – provides another procedure: "any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. *See also Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992) ("the language of Section 6 preempts the applicability of the Federal Rules and an Application to Vacate is to be treated procedurally in the manner of a motion").

Section 6 of the FAA makes clear that a petition to confirm an arbitration award under the FAA shall be made as a motion, 9 U.S.C. §6, and not as a complaint triggering the protocols usually applicable under the Federal Rules to new cases. *See, e.g., Arora v. TD Ameritrade, Inc.*, 2010 U.S. Dist. LEXIS 84856, *17-18 (N.D. Cal. July 26, 2010) (to allow a motion to confirm an

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1

- 4 -

*Ex Parte* Mtn For Protective Order And
Sanctions And App For Order Shortening Time,
CV11-04133 HRL

arbitration award to transform into "full scale litigation" would be contrary to the goals of arbitration.) *See also United States Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) ("when interpreting and applying the FAA, we are mindful not to impose the federal courts' procedural and evidentiary requirements on the arbitration proceeding; rather, our responsibility is to ensure that the FAA's due process protections were afforded.").

Injazat has not cited a single case or source of statutory authority demonstrating that it has a right to seek discovery in a proceeding to confirm an arbitration award. Indeed, a review of the caselaw shows that proceedings to confirm arbitration awards are summary proceedings in which discovery is very limited, if it is granted at all. *See, e.g., Woods v. Saturn Distribution Corp.*, 1994 U.S. Dist. LEXIS 21471, *21-22 (C.D. Cal. May 31, 1994) (refusing to grant a continuance of a motion to confirm an arbitration award to allow discovery). *See also Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992) ("[i]t would defeat the purpose of arbitration if a reviewing court was obligated to give all the due process owed to parties filing actions of a civil nature and deserving of Federal Rule 16 treatment," including the completion of discovery); *Legion Ins. Co. v. Insurance General Agency, Inc.*, 822 F.2d 541, 543 (5th Cir. 1987) (affirming district court's decision not to take evidence beyond that submitted in motion papers because "[t]his case posed no factual issues that required the court, pursuant to the Arbitration Act, to delve beyond the documentary record of the arbitration and the award rendered").

The few decisions in which post-arbitration discovery has been granted have involved discovery requests by a party seeking to vacate an arbitral award. *See, e.g., Thomas Kinkade Co. v. Hazlewood*, 2007 U.S. Dist. LEXIS 9136, *5-6 (N.D. Cal. Jan. 25, 2007) (allowing limited discovery upon scope agreed by parties); *Frere v. Orthofix, Inc.*, 2000 U.S. Dist. LEXIS 17467, *21-22 (S.D.N.Y. Dec. 4, 2000) (permitting limited post-arbitration discovery only relating to areas that impact resolution of vacatur motion). As the Southern District of New York explained,

> Post-arbitration discovery in an action to confirm or vacate an arbitration award is available only in very limited circumstances-- where it is deemed necessary to the determination of an issue raised by the application. A court must weigh the asserted need for the desired information and assess the impact of granting discovery on the entire arbitration process. 'The inquiry is an entirely practical one, and is necessarily keyed to the specific issues raised by the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1   - 5 -   Ex Parte Mtn For Protective Order And Sanctions And App For Order Shortening Time, CV11-04133 HRL

party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure.'

*Schwartz v. Merrill Lynch & Co.*, 2009 U.S. Dist. LEXIS 71863, 3-4 (S.D.N.Y. Aug. 5, 2009) (citations omitted) (denying application for post-arbitration discovery).

Injazat has not and cannot identify any factual issue that is critical to its motion to confirm the arbitration award. Furthermore, the substance of Injazat's documentary requests relate to Dr. Najafi's assets in California, and it was confirmed by Mr. Ballon in a March 19, 2012, telephone conversation that the basis for Injazat's notice of deposition had been to obtain evidence relating to Dr. Najafi's assets in relation to execution. *See* Decl. of J. Cabrera. There is no conceivable basis upon which Injazat can argue that the location and value of Dr. Najafi's assets relates to the question of whether or not the arbitration award should be confirmed. The proper time for seeking this sort of information is after a judgment confirming the arbitration award has been entered, and not before.

Injazat has referenced F.R.C.P. 26(a)(1)(B)(ix) and F.R.C.P. Rule 26(d)(1) as a basis for seeking a deposition now before a discovery order has been issued in this case. But this is an unjustified reading of Rule 26. F.R.C.P. 26(a)(1)(B)(ix) exempts proceedings to confirm arbitration awards from normal disclosure proceedings for good reason – they are summary proceedings under the FAA. As the petitioner in this case, Injazat is taking advantage of the expedited nature of the confirmation action in a number of ways: it need only apply for confirmation upon a motion and it can only face limited grounds for non-enforcement of its award under the New York Convention. Injazat cannot be allowed to handpick a more comprehensive procedure only when it finds it convenient.

C. **SANCTIONS**

F.R.C.P. 37(a)(5)(B) states that, if requested discovery is denied, "the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1

- 6 -

*Ex Parte* Mtn For Protective Order And Sanctions And App For Order Shortening Time,
CV11-04133 HRL

1  fees. But the court must not order this payment if the motion was substantially justified or other
2  circumstances make an award of expenses unjust."

3  Although it is clear that Injazat's discovery requests are not justified in these
4  circumstances, Injazat's counsel has refused to reconsider its position. Prior to filing this motion,
5  Ms. Cabrera conferred with counsel for Injazat several times requesting that Injazat postpone
6  discovery until it is necessary for the case. Injazat did not attempt to provide an explanation for
7  why it needs to conduct discovery in order to confirm the arbitration award it received last July,
8  nor did it agree to postpone discovery until after the parties had submitted briefs in compliance
9  with Judge Hamilton's March 16, 2012, Scheduling Order.

10 There is no conceivable basis upon which documents relating to Dr. Najafi's properties
11 and oral testimony from Dr. Najafi could be relevant to Injazat's ability to confirm their
12 arbitration award. Instead, it is clear that Injazat first wanted to seek this discovery in connection
13 with the entry of judgment that they were expecting. But the circumstances have changed –
14 judgment is no longer imminent and Dr. Najafi has until March 30, 2012, to oppose the Petition –
15 and Injazat has doggedly persisted in demanding discovery to which it is not entitled. This is a
16 waste of our time and of the court's time, and Injazat should be held responsible for the fees
17 expended by Dr. Najafi's attorneys in preparing this totally avoidable motion.

18 **D.  *EX PARTE* APPLICATION FOR AN ORDER TO SHORTEN TIME**

19 In the event this Court does not hear the Motion for Protective Order on an *ex parte* basis,
20 Dr. Najafi asks that this Court issue an Order Shortening Time as good cause exists. Among the
21 reasons that good cause exists are that the discovery requests – which relate entirely to the
22 location and value of Dr. Najafi's assets – are premature since they were filed before any factual
23 disputes have arisen. Indeed, Dr. Najafi has not even had an opportunity to file a motion to
24 oppose the confirmation award. Moreover, Injazat has scheduled Dr. Najafi's deposition for next
25 Monday, April 2, 2012 at 10:00 a.m., despite protests that he cannot and will not appear at this
26 time. If a protective order is not issued before Monday, Dr. Najafi faces sanctions for failing to
27 comply with Injazat's unreasonable deposition notice. To allow Injazat to pursue the discovery
28 requests would ignore the reassignment of the case to Judge Hamilton. Specifically, it would

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1      - 7 -      *Ex Parte* Mtn For Protective Order And Sanctions And App For Order Shortening Time, CV11-04133 HRL

ignore the Scheduling Order that Judge Hamilton issued on March 18, 2012, which granted Dr. Najafi a chance to oppose enforcement of the award.

The subject of these discovery requests – namely, the location and value of Dr. Najafi's assets – have no correlation to whether or not the arbitration award should be confirmed. As mentioned above, under the FAA, the confirmation of an arbitration award is to be sought via motion, and not designed to be full-scale litigation. Thus, the appropriate timing to seek such discovery in this case would be after the entry of judgment. At the time the discovery requests were filed, Injazat expected that judgment would be awarded, however, the circumstances changed when this case was transferred to Judge Hamilton; therefore, discovery is inappropriate at this stage.

Dr. Najafi respectfully asks this Court to issue a briefing and hearing schedule in accordance with the attached Proposed Order Shortening Time in the event it does not hear this motion *ex parte*. In any event, Dr. Najafi requests a hearing by this Friday, March 30, 2012, in order to avoid the risk of being sanctioned if he fails to appear for his deposition scheduled for Monday, April 2, 2012. The issuance of an Order Shortening Time is necessary to properly protect Dr. Najafi's interests as he should not be forced to appear for deposition or to disclose his assets in advance of any judgment, nor should he risk being subject to sanctions if he fails to comply with these requests while awaiting a decision by this Court. Therefore, Dr. Najafi seeks relief from the Court in the form of an Order Shortening Time for the Motion for a Protective Order to be heard.

E.  **CONCLUSION**

Injazat is the Petitioner in this case, seeking to confirm an arbitration award in its favor. No opposition has yet been filed in this case, and no factual disputes have arisen. It is altogether possible that no factual issues will arise and that the court will be able to rule on the basis of pleadings – it is simply too early to tell. In an action to confirm an arbitration award under the FAA, where the availability of discovery is already limited, Injazat cannot be allowed to demand the production of documents that have nothing to do with the enforceability of the arbitration award or the appearance of a party for a deposition without any limits on what topics may be

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1

- 8 -

*Ex Parte* Mtn For Protective Order And
Sanctions And App For Order Shortening Time,
CV11-04133 HRL

covered. For these reasons, we respectfully ask the court to grant a protective order forbidding Injazat from pursuing discovery before it is clear that it is necessary for this case, and imposing sanctions on Injazat and its counsel for their harassing behavior pursuing unjustified discovery.

Alternatively, if this Court does not hear this matter *ex parte*, Dr. Najafi respectfully requests that the attached Proposed Order Shortening Time be granted so as to expedite these proceedings to avoid any injustice to the Defendant in this case.

Dated: March 27, 2012

Burke, Williams & Sorensen, LLP

By: /s/ Monica Ahuja for Douglas Dal Cielo
Douglas W. Dal Cielo
Attorneys for Defendant
DR. HAMID NAJAFI

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

MP #4817-7926-4527 v1

- 9 -

*Ex Parte* Mtn For Protective Order And
Sanctions And App For Order Shortening Time,
CV11-04133 HRL