

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

INJAZAT TECHNOLOGY FUND B.S.C.,

Plaintiff,

v.

DR. HAMID NAJAFI ,

Defendant.

Case No. 11-cv-04133 PJH (NC)

**ORDER TO APPEAR AT JUDGMENT DEBTOR EXAMINATION**

Re: Dkt. Nos. 73-75

On July 2, 2012, the court ordered judgment debtor Hamid Najafi to appear for an examination on August 1, 2012. Dkt. No. 71. Five days before the scheduled examination, counsel for Najafi filed a letter stating that Injazat had failed to personally serve a copy of this court's order on Najafi in accordance with California Code of Civil Procedure § 708.110(d), and that Najafi will not appear at the scheduled examination for that reason. Dkt. No. 73. Counsel for Injazat filed a response on July 30, 2012, which contains attachments showing that on July 11, 2012, Najafi was personally served with the order and with a subpoena to produce documents at the examination, and that counsel for Injazat notified counsel for Najafi via email on July 12, 2012, of the service of these documents. Dkt. No. 74, Ex. A, B. Counsel for Najafi did not

contest the validity of service at the time she received this email.

Counsel for Najafi now contends that Najafi was not personally served, as "he did not receive a copy of the order until he found it taped to his front door the evening of July 11." Dkt. No. 75 at 1. Counsel also argues that she did not consent to service via e-mail. *Id.*

Federal Rule of Civil Procedure 69 provides that with respect to a money judgment, "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a). California Code of Civil Procedure § 708.110 governs judgment debtor examinations in California and provides that "the judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10." CAL. CODE CIV. P. § 708.110(d). "The method described as 'personal service' means service that is accomplished 'by personal delivery of a copy of the summons and of the complaint to the person to be served.'" *American Exp. Centurion Bank v. Zara*, 131 Cal. Rptr. 3d 99, 103 (Cal. Ct. App. 2011) (citing CAL. CODE CIV. P. § 415.10). "[P]roof of service made pursuant to section 415.10 'may be made by affidavit of the person making the service showing the time, place, and manner of service and the facts showing that the service was made in accordance with the applicable statutory provisions. The affidavit shall recite or in other manner show the name of the person to whom the papers served were delivered and, if appropriate, the title of the person or the capacity in which the person was served.'" *Id.* (citing CAL. CODE CIV. P. § 684.220). Proof of service that meets these requirements establishes a rebuttable presumption of proper service. *Id.*

Here, the court finds that Injazat has established a presumption of proper service under § 415.10, as counsel for Injazat has filed proof of service showing that process server Ron Marcus effected personal service on Najafi on July 11, 2012, by "personally delivering to and leaving with the [] defendant a true copy" of the order setting the judgment debtor examination and a subpoena to produce documents at the examination. Dkt. 74, Ex. A. Accordingly, Najafi must appear before this court on August 1, 2012, at 9:00 a.m., at which time he may present evidence

showing that he was not served in accordance with § 415.10. Additionally, as the subpoena that Injazat served on Najafi is not subject to a motion to quash, Najafi must be prepared to produce documents and information in accordance with the subpoena at the hearing on August 1, 2012.

IT IS SO ORDERED.

DATE: July 30, 2012

Nathanael M. Cousins
United States Magistrate Judge