# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| INJAZAT TECHNOLOGY FUND B.S.C.,<br><br>    Judgment Creditor,<br><br>    v.<br><br>DR. HAMID NAJAFI and MICHAEL CUMMISKEY,<br><br>    Judgment Debtors. | Case No. 11-cv-04133 PJH (NC)<br><br>**ORDER OF CLARIFICATION**<br><br>Re: Dkt. No. 139 |

Judgment Creditor Injazat seeks clarification and objects to this Court's order of September 17, 2013, which found for purposes of enforcing a judgment that Defendant Najafi's stock options must be treated as earnings, and his rental house income must be held in trust until further notice. Dkt Nos. 137, 139. Injazat seeks clarification with regard to the portion of the Court's order finding that stock options must be treated as earnings, and Injazat objects to the portion of the order which finds that Najafi's rental house income must be held in trust because Najafi's former wife appears to have a priority claim on that income. Judge Phyllis J. Hamilton referred to this Court the request for clarification. Dkt. No. 143. Therefore the Court will not address the issue of Najafi's rental house income.

The Court found that stock options must be treated as earnings under California Civil Procedure Code § 706.011, and that therefore Injazat is entitled to a 25% garnishment of the value of any exercised options after deductions for Najafi's exemptions and tax liability. Dkt. No. 137 at 9. In its request for clarification, Injazat now asks that the Court compel Najafi to either turn over a portion of his exercised shares or sell his shares. Injazat, however, cites no authority stating that the Court can compel the sale or transfer of stock to satisfy a judgment.

At this point, the Court finds that remedy to be unnecessary. The value of Najafi's exercised stock options is hypothetical until the stock is sold, but Najafi and Injazat share an interest in getting the most value possible for the sale of Najafi's stock. Once Najafi sells any portion of his exercised stock options, its value will be known and Injazat will be entitled to 25% of that value after taxes and exemptions. Najafi's proposal to submit to Injazat a schedule of withholdings when transferring to Injazat their garnishment is reasonable, and the Court does now ORDER Najafi to inform Injazat of the sale of stock and provide a schedule of all withholdings within 14 days of the sale.

Any party may object to this order within 14 days. Civ. L. R. 72-2.

IT IS SO ORDERED.

Date:  October 24, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge