UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INJAZAT TECHNOLOGY FUND B.S.C., <br> Plaintiff, <br> v. <br> HAMID NAJAFI, <br> Defendant. | Case No. 11-cv-04133-PJH <br><br> **ORDER DENYING MOTION TO EXPUNGE JUDGMENT AND LIENS** <br><br> Re: Dkt. No. 147 |

Before the court is a motion seeking expungement of judgment and liens by defendant and judgment debtor Hamid Najafi. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for September 8, 2022, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

This case was initiated by Injazat Technology Fund B.S.C. ("Injazat") to confirm an international arbitration award against Najafi and another business executive. Dkt. 1. The court granted Injazat's petition to confirm the arbitration award and entered final judgment in favor of Injazat against Najafi in the amount of $3,426,552.45 on May 4, 2012. Dkt. 62, 65. The judgment was ordered to be enforceable against Najafi's real property located at 26645 Altamont Road, Los Altos Hills, California 94022, and 6509 Lakeville Highway, Petaluma, California 94954. Id.

Injazat proceeded to seek enforcement of the judgment through proceedings

1  heard by Magistrate Judge Cousins.  See, e.g., Dkt. 137.  This action has been dormant
2  since 2013.  See Dkt. 144.  Najafi now asks the court to expunge the judgment and liens
3  on the basis that they are no longer enforceable—Injazat's 10-year period in which to
4  enforce the judgment under California law has expired, and no effort was made to renew
5  or extend the judgment.

## DISCUSSION

Injazat has not filed an opposition, but Najafi fails to persuade the court that the actions he seeks are warranted or proper.  Najafi contends that the judgment lien on his two properties should be extinguished because the period for enforcement has expired and Injazat has not renewed the judgment.  Dkt. 147 at 4-5.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), procedures "in proceedings supplementary to and in aid of judgment . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1); see also In re Levander, 180 F.3d 1114, 1121 (9th Cir. 1999) (noting that Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits.").  Since there is no applicable federal statute governing the time period for enforceability of judgments, the court relies on California law.  See In re Estate of Ferdinand E. Marcos Human Rights Litig., 536 F.3d 980, 988 (9th Cir. 2008) (courts look "to the law of the registration forum for its statute of limitations on enforcement of judgments.").

The relevant California statute that governs the period of enforceability for judgments provides:

> Except as otherwise provided by statute, upon the expiration of 10 years after the date of entry of a money judgment or a judgment for possession or sale of property:
> (a) The judgment may not be enforced.
> (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease.
> (c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished.

Cal. Code Civ. Proc. § 683.020; see also Cal. Code Civ. Proc. §§ 683.180 (providing

procedures concerning the application for renewals), 697.310 (creation and duration of liens generally). However, "Section 683.020 does not require a court to vacate a judgment after the ten-year period runs. Rather, the statute simply provides that the judgment 'may not be enforced.'" In re Copeland, No. AP 07-01071-RN, 2016 WL 423798, at *3 (B.A.P. 9th Cir. Feb. 3, 2016), aff'd, No. 2:05-BK-11844-ER, 2017 WL 2843305 (B.A.P. 9th Cir. July 3, 2017) (citation omitted). The statute does not provide a mechanism to vacate an expired judgment, and courts do not err where they refuse to vacate an expired judgment. Koninklijke Philips Elecs. N.V v. KXD Tech., Inc., No. CV 07-6117 AHS, 2020 WL 5092447, at *3 (C.D. Cal. July 10, 2020).

Here, Najafi fails to cite authorities that would support the relief requested in the motion. He offers no case, and the court has found none, where a court has expunged or vacated a judgment in the way he proposes. Rather, courts facing similar motions have denied them, noting their lack of authority to extinguish judgment liens at the request of a judgment debtor where no party sought enforcement and based solely on the judgment debtor's representation that the period for enforcement under section 683.020 had expired. See, e.g., Koninklijke Philips, 2020 WL 5092447, at *3.

Further, although Najafi frames his request as a request for the court to find that the judgment liens against his property are extinguished, the practical effect of his request is similar to the one rejected in Koninklijke Philips. Najafi's reliance on section 683.020's prohibition of enforcement of a judgment after the 10-year period does not alter the analysis because the statute does not create a mechanism for a court to find a judgment lien is extinguished absent an enforcement action. Thus, even if the limitations period of section 683.020 has run, the statute does not authorize the court to declare that the judgment lien is extinguished absent an enforcement action. Therefore, Najafi's motion must be denied.

## CONCLUSION

For the foregoing reasons, the court DENIES Najafi's motion to expunge judgment and liens.

1     **IT IS SO ORDERED.**

2   Dated: September 2, 2022

3                                                         */s/ Phyllis J. Hamilton*

4                                                         PHYLLIS J. HAMILTON
United States District Judge